```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-61159-CIV-ZLOCH
```

CORPORATE MANAGEMENT
ADVISORS, INC.,

      Plaintiff,

vs.                              **FINAL ORDER OF REMAND**

ARTJEN COMPLEXUS, INC., and
ARTHUR M. BARAT,

      Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    The above-styled cause was originally filed in Florida state court and removed to this Court as Case No. 08-61134-CIV-ZLOCH. At the time of the original removal, Defendants ArtJen Complexus, Inc. and Arthur M. Barat claimed that this Court possessed diversity jurisdiction to entertain this action. However, the Court found that Defendants' Notice Of Removal failed to properly allege all of the Parties' citizenship necessary to determine diversity. See DE 2 (Case No. 08-61134). Thereafter, the Court remanded the case to state court for lack of subject matter jurisdiction over the same.

    Recently, Defendants filed an Amended Notice of Removal (DE 1), in which they allege that the basis for removal is diversity of citizenship between the Parties, and that they have properly pled the Parties' citizenship such that the Court may exercise jurisdiction over the same. DE 1, pp. 3-4.

    It is well established that 28 U.S.C. § 1447(d) prohibits

review of a remand order "on appeal or otherwise." Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal "does not reinvest the court's jurisdiction." <u>Seedman v. United States District Court for the Central District of Florida</u>, 837 F.2d 413, 414 (9th Cir. 1988). There are very limited circumstances when a Party may remove a case a second time. In those instances, the basis for the second removal must differ from the first. That is, a pleading must establish that the Court's consideration of the second removal is more than reconsideration of the "same grounds" upon which the case was first removed. See <u>Midlock v. Apple Vacations West, Inc.</u>, 406 F.3d 453, 457-58 (7th Cir. 2005); <u>see also</u> <u>TKI, Inc. v. Nichols Research Corp.</u>, 191 F. Supp. 2d 1307, 1310 (M.D. Ala. 2002) (finding that the filing of a second notice of removal was appropriate where by subsequent affidavit "Plaintiff . . . contradicted the very affidavit which the court relied on in remanding the case"). By filing a second notice of removal based on the same facts and allegations, a defendant is simply attempting to "circumvent section 1447(d)'s prohibition on reconsideration." <u>Nicholson v. National Accounts, Inc.</u>, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000).

A second notice of removal is permitted under § 1446(b), provided that it is "through service of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (2006). Courts have adopted the general rule to accompany the statute's language, that a second notice of

removal requires a voluntary act by the Plaintiff.  See, e.g., Zea v. Avis Rent A Car System, Inc., 435 F. Supp. 2d 603, 606 (S.D. Tex. 2006) (citing Gaitor v. Pennisular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961)).  This voluntary act must affect the propriety of removal, and the basis for jurisdiction cannot be created by a defendant. Id.

Defendants' instant Notice of Removal (DE 1) relies entirely on the Complaint's jurisdictional basis as it existed at the time of the Court's first review, and, as such, Defendants seek to remove the case on the same grounds: diversity of citizenship between the Parties.

The fact that Defendants' Amended Notice Of Removal purports to properly allege the citizenship of all Parties does not alter the general rule that removal a second time is prohibited under § 1447.  Nothing has changed in this action, by way of Plaintiff's claims in its Complaint, that would permit Defendants to remove the case for a second time.  Because Defendants' Notice Of Removal (DE 1) is simply an attempt to re-allege the pleading requirements of § 1332 and is not based upon a new pleading that signifies a jurisdictionally significant event, the Court finds that it is prohibited by § 1447(d) from reviewing the Amended Notice Of Removal (DE 1) and from exercising jurisdiction over the above-styled cause.

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to the state forum for further proceedings in that this Court lacks

subject matter jurisdiction over the same;

    2. The Clerk of the United States District Court for the Southern District of Florida, is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 0822927; and

    3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___29th___ day of July, 2008.

                                                WILLIAM J. ZLOCH
                                               United States District Judge

Copies Furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 0822927