```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-61159-CIV-ZLOCH
```

CORPORATE MANAGEMENT
ADVISORS, INC.,

      Plaintiff,

vs.                                **O R D E R**

ARTJEN COMPLEXUS, INC., and
ARTHUR M. BARAT,

      Defendants.
_____/

    THIS MATTER is before the Court upon Defendants' Emergency Motion To Stay State Court Proceedings By Recalling Final Order Of Remand (DE 13), which the Court construes as a Motion For Reconsideration. The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The above-styled cause was originally filed in Florida state court and removed to this Court as Case No. 08-61134-CIV-ZLOCH. At the time of the original removal, Defendants ArtJen Complexus, Inc. and Arthur M. Barat claimed that this Court possessed diversity jurisdiction to entertain this action. However, the Court found that Defendants' Notice Of Removal failed to properly allege the citizenship of all Parties necessary to determine diversity. See DE 2 (Case No. 08-61134). Based on the Court's lack of subject matter jurisdiction, the Court remanded the case to state court. Id.

    Thereafter, Defendants filed an Amended Notice of Removal (DE

1), docketed under a new Case Number 08-61159-CIV-ZLOCH, in which they alleged that the basis for removal is diversity of citizenship between the Parties, and that they have properly pled the Parties' citizenship such that the Court may exercise jurisdiction over the same.  See DE 1, pp. 3-4.

Title 28 United States Code, Section 1447(d) prohibits review of a remand order "on appeal or otherwise."  Furthermore, it is well established that § 1447(d) precludes "not only appellate review, but also reconsideration by the district court." Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992) (quoting In re La Providencia Dev. Corp., 406 F.2d 251 (1st Cir. 1969)).  Thus, at the time the Court properly issued its Final Order Of Remand (DE 2) in Case No. 08-61134-CIV-ZLOCH, the Court lost jurisdiction over the matter.  And once it is lost, it cannot be regained.  Although Defendants filed another Notice Of Removal (DE 1), thereby creating another federal case number, it did not reinvest the Court with jurisdiction over the case. Seedman, 837 F.2d at 414.

Further, the Court treated said Notice Of Removal as an attempt to "circumvent section 1447(d)'s prohibition on reconsideration."  Nicholson v. National Accounts, Inc., 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000).  Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal "does not reinvest the court's jurisdiction." Seedman v. United States District Court for

2

the Central District of Florida, 837 F.2d 413, 414 (9th Cir. 1988). Therefore, the Court remanded the case for a second time. See DE 3, Case No. 08-61159-CIV-ZLOCH.

In this Court's prior Order remanding the case, it discussed the very limited circumstances when a Party may remove a case a second time. See DE 3, pp. 2-3. None of those circumstances are present in this case. Therefore, the Court has no jurisdiction over the above-styled cause. Thus, the Court is unable to grant the relief requested in the instant Motion.

Finally, as a matter of comity, this Court will not instruct the state court as to how it should manage its docket. Defendants remain free to petition the state court for the relief they seek.

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** as that Defendants' Emergency Motion To Stay State Court Proceedings By Recalling Final Order Of Remand (DE 13), which the Court construes as a Motion For Reconsideration, be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    25th    day of September, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 0822927